People v Vasquetelles (2025 NY Slip Op 05198)

People v Vasquetelles

2025 NY Slip Op 05198

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Ind. No. 72490/23|Appeal No. 4788|Case No. 2024-05365|

[*1]The People of the State of New York, Respondent,
v
Ignacio Vasquetelles, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher P. Marinelli of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered August 6, 2024, convicting defendant of assault in the third degree, and sentencing him to three years probation, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of striking the condition of probation prohibiting defendant "from wearing or displaying gang paraphernalia" or "having any association with a gang or members of a gang if directed by the Department of Probation," and vacating the mandatory surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US — , 140 S Ct 2634 [2020]). The totality of the circumstances, including the court's oral colloquy, which sufficiently distinguished the right to appeal from the rights automatically forfeited by a guilty plea, together with the detailed written waiver, established that the waiver was knowing, intelligent, and voluntary (see id. at 559-560). The waiver forecloses review of his excessive sentence claim (see e.g. People v Williams, 227 AD3d 480, 482 [1st Dept 2024], lv denied 42 NY3d 1022 [2024]). As an alternative holding, we perceive no basis for reducing defendant's sentence.
Defendant's appeal waiver does not foreclose his challenges to the legality of the conditions of his probation (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]), challenges which also do not require preservation (see People v Hakes, 32 NY3d 624, 628 n 3 [2018]; People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). In any event, we reject his challenge to the condition requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" (see Lowndes, 239 AD3d at 575). The court providently deemed this condition reasonably related to defendant's rehabilitation, given that he committed his crime while acting in concert with an accomplice, admitted to the Department of Probation that he used marijuana daily, and was recommended for drug counseling services by the Probation Department (see id. at 575; see also Penal Law § 65.10 [1], [2]).
However, the probation condition requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" must be stricken. There is no evidence that defendant's actions were connected to gang activity, or that defendant had a history of gang membership (see Alvarez, 233 AD3d at 620). Furthermore, defendant unequivocally denied gang affiliation (see United States v Sims, 92 F4th 115, 120, 126 [2d Cir 2024]). Thus, the condition "was not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life" (Alvarez, 233 AD3d at 620; see Penal Law § 65.10 [1]).
Defendant's constitutional challenges to his probation conditions under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments are foreclosed by his valid waiver of appeal (see Lowndes, 239 AD3d at 575). His constitutional claims are also unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]).
Based on our own interest of justice powers, we vacate the mandatory surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief. In light of this determination, defendant's challenge to the condition of his probation requiring him to pay the surcharge and fees is academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025